UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARTREECE BELL, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:16-cv-01658-RDP |
| } | |
| STATE OF ALABAMA DEPARTMENT } | |
| OF HUMAN RESOURCES, et al., } | |
| } | |
| Defendants. } | |

**MEMORANDUM OPINION**

**I.    Introduction**

This case is before the court on Defendants' Motion to Dismiss Amended Complaint (Doc. # 14), which has been filed by Defendants State of Alabama Department of Human Resources ("Ala. DHR") and Jefferson County Department of Human Resources ("Jeff. Co. DHR"). Plaintiff has responded to the motion, and it is under submission. (Doc. # 19). After careful review, and for the reasons explained below, the court concludes that the Motion to Dismiss is due to be granted in part and denied in part. In addition, Plaintiff will be directed to explain why the court should not dismiss her claims against the individual Defendants for failure to timely serve them.

**II.    Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain

nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded

facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

**III. Analysis**

    **A. Defendants Ala. DHR and Jeff. Co. DHR are Not Suable Parties Under 42 U.S.C. § 1983**

Defendants Ala. DHR and Jeff. Co. DHR argue that they are not subject to suit under Section 1983 for at least two reasons: (1) they are entitled to Eleventh Amendment immunity for such claims; and (2) they are not suable "persons" under Section 1983. (Doc. # 14 at 8-10). The court agrees.

"States and state officials acting in their official capacities cannot be sued for money damages under § 1983 because they are not considered to be 'persons' for the purposes of the statute." *Carr v. Bd. of Regents of Univ. Sys. of Ga.*, 249 F. App'x 146, 148 (11th Cir. 2007) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Likewise, the Eleventh Amendment bars suit against an "arm of the State," including "agents and instrumentalities of the State." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (*en banc*) (plurality opinion). An Alabama state agency is entirely immune from suit under Section 1983 because Congress has not abrogated Eleventh Amendment immunity for Section 1983 actions and the state of Alabama has not waived its Eleventh Amendment immunity. *Strickland v. Bd. of Trustees of Univ. of Ala.*, 2014 WL 6749019, at *2 (N.D. Ala. Dec. 1, 2014) (citing *Will*, 491 U.S. at 66, and *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)).

Ala. DHR and Jeff. Co. DHR are arms of the state which qualify for Eleventh Amendment immunity from Section 1983 claims. *E.g.*, *Poindexter v. Dep't of Human Res.*, 946 F. Supp. 2d 1278, 1282, 1284 (M.D. Ala. 2013) (concluding that Ala. DHR is a state agency); *Muhammad v. Bethel-Muhammad*, 2012 WL 1854676, at *2 (S.D. Ala. May 21, 2012)

3

(concluding that Ala. DHR and Dallas County Department of Human Resources are arms of the state); *Rizo v. Ala. Dep't of Human Res.*, 228 F. App'x 832, 834-35 (11th Cir. 2007) (affirming the dismissal of an Americans with Disabilities Act claim against Ala. DHR on the ground of Eleventh Amendment immunity). Likewise, they are not "persons" under Section 1983 because they are state entities. *See Carr*, 249 F. App'x at 148 (holding that the Board of Regents for the University System of Georgia was not a person for purposes of Section 1983). Therefore, Plaintiff's Section 1983 claim against Ala. DHR and Jeff. Co. DHR is due to be dismissed.[1]

### B. Any Official Capacity Title VII Claim Against Defendants Nancy Buckner, Angela McClintock, Yolanda Boleware, Doug Heath, or Kimberly Camp is Due to be Dismissed

Defendants insist that the Title VII claims against Defendants Buckner, McClintock, Boleware, Heath, and Camp in their official capacities are due to be dismissed as duplicative. (Doc. # 14 at 16). Plaintiff agrees with Defendants and has asked to withdraw any such claims. (Doc. # 19 at 18). In light of the parties' agreement, the Title VII claims against the individual Defendants in their official capacities are due to be dismissed. *Cf. Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."); *Snow ex rel. Snow v. City of Citronelle, Ala.*, 420 F.3d 1262, 1270 (11th Cir. 2005) (affirming summary judgment on official capacity claims against police officers when their employer was also a defendant).

---

[1] The court need not decide -- and does not decide -- whether Plaintiff's complaint states a plausible claim for relief under Section 1983 against Defendants Ala. DHR and Jeff. Co. DHR pursuant to *Hargray v. City of Hallandale*, 57 F.3d 1560 (11th Cir. 1995).

4

### C. Plaintiff's Title VII Termination and Retaliation Claims Against Ala. DHR and Jeff. Co. DHR State Plausible Claims for Relief and are Not Barred by Eleventh Amendment Immunity

Defendants Ala. DHR and Jeff. Co. DHR contend that Plaintiff lacks any plausible Title VII discriminatory termination or retaliation claim because she voluntarily resigned from her job. (Doc. # 14 at 16-17). Alternatively, they claim Eleventh Amendment immunity with respect to any Title VII claim that seeks monetary relief. (*Id.* at 17-18).

A plaintiff's resignation is not considered an adverse employment action under Title VII "unless an employer forces the resignation by coercion, duress, or misrepresentation of a material fact." *Williams v. Ala. Dep't of Corr.*, 649 F. App'x 925, 928 (11th Cir. 2016) (citing *Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995), for the principle that resignations are presumed to be voluntary). In determining whether a resignation was obtained by coercion or duress, the court may consider:

> (1) whether the employee was given some alternative to resignation; (2) whether the employee understood the nature of the choice he was given; (3) whether the employee was given a reasonable time in which to choose; (4) whether the employee was permitted to select the effective date of the resignation; and (5) whether the employee had the advice of counsel.

*Hargray*, 57 F.3d at 1568. "[R]esignations can be voluntary even where the only alternative to resignation is facing possible termination for cause or criminal charges." *Id.*

The court finds that Plaintiff has plausibly pled discriminatory termination claims based on a coerced resignation. In her complaints, Plaintiff alleges that Defendants Ala. DHR and Jeff. Co. DHR issued an unjustified charge letter in September 2015 to force her resignation. (Doc. # 1 at ¶ 18). Jeff. Co. DHR employees provided her no notice before issuing the charge letter. (*Id.* at ¶ 19). Although she told her supervisors that she had not violated DHR's rules, she was suspended by Jeff. Co. DHR until the disciplinary hearing scheduled in October 2015. (*Id.* at ¶¶

22-23; Doc. # 11 at ¶ 62).[2] Furthermore, "she was commanded to turn in her badge, key, [and] parking decal, and told to resign before the October 29, 2015 Administrative Hearing or face termination after which she was escorted by security and a manage[r] off the premises." (Doc. # 11 at ¶ 64). The constructive discharge occurred "on or about October 15, 2015." (Doc. # 1 at ¶ 27). These allegations plausibly indicate that Plaintiff was not given the choice of defending herself from termination for cause in a neutral, pre-termination administrative hearing. *Cf. Hargray*, 57 F.3d at 1568 (explaining that facing termination for cause is an alternative to resignation). Rather, Jeff. Co. DHR offered Plaintiff the opportunity to resign or be terminated after a pretextual administrative hearing. The pretextual nature of the administrative hearing is supported by Plaintiff's assertion that Jeff. Co. DHR directed her to turn in her badge, key, and parking pass a month before the administrative hearing. (Doc. # 11 at ¶ 64). Because Plaintiff has plausibly alleged that Defendants coerced her resignation, her Title VII discriminatory termination claims are not due to be dismissed at this stage.[3]

Defendants incorrectly suggest that the only adverse action supporting Plaintiff's retaliation claim is her resignation. (Doc. # 14 at 17). Indeed, Plaintiff alleges that she faced verbal harassment, excessive scrutiny, excessive observation, unfair discipline, and the issuance

---

[2] The court recognizes that the additional factual allegations in the First Amended Complaint (Doc. # 11) have not been incorporated formally into the Title VII claims in the original Complaint. Nevertheless, because the court intends to grant Plaintiff leave to amend her complaint in conformity with this Memorandum Opinion, the court has considered the First Amended Complaint's factual allegations in analyzing whether Plaintiff has pled a plausible basis for a coerced resignation.

[3] The Motion to Dismiss presents a different picture of the events that occurred prior to Plaintiff's resignation. (*See* Doc. # 14 at 14-15). But, Defendants rely on several facts outside of Plaintiff's allegations to show that she voluntarily resigned. For example, Defendants insist that Plaintiff was allowed to select the date of her resignation and retained counsel before her resignation. (*Id.* at 15). Neither of these facts is asserted by Plaintiff.

Although the court will not at this time dismiss Plaintiff's Title VII discriminatory termination claims, Plaintiff is cautioned that the coerced resignation standard is a difficult one to meet. Absent substantial evidence to the contrary, the court must presume that her resignation was voluntary. *Hargray*, 57 F.3d at 1568. And, a voluntary resignation does not constitute an adverse employment action under Title VII.

of the charge letter following her protected conduct. (Doc. # 1 at ¶ 44). Significantly, the threat of a suspension, demotion, or termination in the charge letter (Doc. # 11-1 at 2), when considered in conjunction with the alleged verbal threat to terminate Plaintiff unless she resigned, could constitute an adverse action under the retaliation provisions of Title VII. *See, e.g.*, *Planadeball v. Wyndham Vacation Resorts, Inc.*, 793 F.3d 169, 178 (1st Cir. 2015) (holding that multiple threats to terminate an employee constituted an adverse action under Title VII's anti-retaliation provision); *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 26 (2d Cir. 2014) (holding that a threat to fire an employee for filing a charge with the Equal Employment Opportunity Commission ("EEOC") constituted an adverse action for purposes of a retaliation claim). While the Rule 56 evidence might show that no reasonable juror could find a causal connection between the alleged protected conduct and the charge letter, Plaintiff's Title VII retaliation claim is not due to be dismissed for failure to allege an adverse action.

Both the Eleventh Circuit and the Supreme Court have held that Congress abrogated Eleventh Amendment immunity from Title VII suits, thus allowing state officials in their official capacities to be sued for money damages for violating Title VII. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976); *In re Emp't Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999) (citing *Fitzpatrick* and holding, "Given this clear precedential guidance, we have no hesitation in concluding that Congress unequivocally expressed its intent to abrogate the states' Eleventh Amendment immunity when it amended Title VII to cover state and local governments"). Thus, Ala. DHR and Jeff. Co. DHR are not entitled to Eleventh Amendment immunity from monetary damages that Plaintiff is entitled to receive under Title VII. Having said that, Plaintiff may not recover punitive damages from Defendants Ala. DHR or Jeff. Co. DHR under Title VII, *see Booth v. Pasco Cty., Fla.*, 757 F.3d 1198, 1206 n. 12 (11th Cir. 2014),

and Plaintiff cannot sue Ala. DHR or Jeff. Co. DHR under Section 1983. Accordingly, Plaintiff's request for punitive damages is due to be dismissed. (*See* Doc. # 1 at p. 19) (requesting punitive damages).

### D. Plaintiff May Seek Declaratory and Injunctive Relief

Defendants claim that Plaintiff lacks standing for declaratory relief and that injunctive relief is barred by the Eleventh Amendment. (Doc. # 14 at 18-19). With regard to standing, Defendants cite no authority to support the proposition that a former employee lacks standing to seek declaratory or injunctive relief under Title VII solely because he or she is no longer an employee.[4] In this case, Plaintiff is seeking reinstatement as a remedy, and her complaints plausibly indicate a likelihood of future injury if Plaintiff were to be reinstated to her former position with Jeff. Co. DHR. *Cf. Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) ("Some case law in this circuit indicates that a non-employee may have standing to sue for injunctive relief against an employer, but those non-employees were in the process of seeking reinstatement to their former positions, or seeking work from that employer."). At this stage of the litigation, given Plaintiff's allegations of discrimination and statements that she did not violate Jeff. Co. DHR's rules, the court cannot foreclose Plaintiff's opportunity to seek declaratory and injunctive relief. With regard to Plaintiff's requests for injunctive relief, as explained above, Title VII abrogated the states' Eleventh Amendment immunity. Moreover, Title VII expressly provides for injunctive relief. 42 U.S.C. § 2000e-5(g)(1). For these reasons, Plaintiff's requests for declaratory and injunctive relief are not due to be dismissed.

---

[4] The Eleventh Circuit has held that former employees of a defendant may not seek injunctive relief under 42 U.S.C. § 2000a-2 where they fail to allege that the defendant will discriminate against them in the future and fail to provide facts to support such a conclusion. *Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997). The *Jackson* opinion noted, though, that the former employees in *Jackson* lacked a claim under Title VII. *Id.* at 1007 n. 16. Plaintiff's suit against Ala. DHR and Jeff. Co. DHR has been brought under Title VII.

### E.     Plaintiff has Not Plausibly Pled a Hostile Work Environment Claim

Defendants argue that the court should dismiss Plaintiff's Title VII hostile work environment claim because she has not pled severe or pervasive harassment.  (Doc. # 14 at 20-21).  After careful review, the court agrees with Defendants.

To plead a hostile work environment claim, a plaintiff must allege that: (1) she belongs to a protected group; (2) she suffered unwelcome harassment; (3) the harassment was based on her membership in a protected group; (4) the harassment was "severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment"; and (5) the employer is vicariously or directly liable for the hostile work environment.  *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (explaining the elements of a hostile work environment claim under Title VII or 42 U.S.C. § 1981).  The harassment suffered by a plaintiff must meet both an objective and subjective standard to support a hostile work environment claim.  *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002).  That is, the harassment must create an environment that a reasonable person would find hostile or abusive, and the plaintiff must subjectively perceive that the environment is hostile or abusive.  *Id.*  To evaluate the objective severity of alleged harassment, the court considers: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance."  *Id.*  "Teasing, offhand comments, and isolated incidents do not constitute discriminatory changes in the terms and conditions of employment."  *Jones v. City of Lakeland*, 318 F. App'x 730, 735 (11th Cir. 2008).

Here, Plaintiff has pled that she suffered from an unspecified amount of "verbal harassment," "undue surveillance," and "negative comments or feedback."  (Doc. # 1 at ¶¶ 49-

9

50). Additionally, she claims she faced "daily scrutiny" about her performance, while supervisors failed to monitor white co-workers with low productivity. (*Id.* at ¶ 51). Finally, she contends Jeff. Co. DHR unfairly disciplined her for the false claims made in the September 2015 charge letter and terminated her on discriminatory grounds. (*Id.* at ¶ 52).

Plaintiff's allegations of abusive conduct, when considered together, are insufficient to allege objectively severe or pervasive harassment. This is so because nothing in the complaints indicates the frequency or severity of the verbal harassment, surveillance, or negative comments Plaintiff received. (*See id.* at ¶¶ 49-50) (stating that Plaintiff "often" received negative comments). While Plaintiff received daily scrutiny about her performance, Plaintiff has not discussed the severity of the scrutiny or whether the additional scrutiny embarrassed her. (*Id.* at ¶ 51). *Cf. Miller*, 277 F.3d at 1276. Indeed, it is unclear whether heightened scrutiny, standing alone, can result in the type of harassment that alters the terms and conditions of a workplace. *See O'Brien v. Dep't of Agric.*, 532 F.3d 805, 810 (8th Cir. 2008) ("Although increased scrutiny might, at some point, amount to a hostile work environment, nothing in this record warrants such a finding."); *Combs-Burge v. Rumsfeld*, 170 F. App'x 856, 862 (4th Cir. 2006) ("[A]ssigning individuals remedial tasks to correct their job performance and assigning individuals to difficult jobs are not objectively abusive actions . . . ."). The coerced resignation alleged by Plaintiff certainly would constitute a severe adverse action. But, discrete acts of discrimination, such as unlawful demotions or terminations, "cannot alone form the basis of a hostile work environment claim." *Gowski v. Peake*, 682 F.3d 1299, 1312-13 (11th Cir. 2012) (emphasis omitted). Because Plaintiff's allegations fail to present objectively severe or pervasive abusive conduct, the court finds that she has not pled a plausible Title VII hostile work environment claim. Nevertheless,

the court will dismiss this claim without prejudice, as Plaintiff may still be able to plead facts which support a viable hostile work environment claim.

### F.  According to the Complaint, Plaintiff's Title VII Claims are Timely Filed

Defendants claim that this action should be dismissed because (a) Plaintiff has not stated the precise date she received her right-to-sue letter from the EEOC and (b) Plaintiff filed suit 93 days after the letter was mailed by the EEOC. (Doc. # 14 at 21). The court finds that this claim is premature.

Plaintiff must establish that she filed her Title VII claims within 90 days "of [her] receipt of the EEOC's right-to-sue letter." *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002) (citing 42 U.S.C. § 2000e-5(f)(1)). Plaintiff's Complaint meets this burden, for purposes of Rule 8, by alleging that Plaintiff received the right-to-sue letter less than 90 days before filing the Complaint. (Doc. # 1 at ¶ 5). While it may be necessary for Plaintiff to proffer evidence of when she received the right-to-sue letter (to survive a Rule 56 argument for dismissal on this basis), *see Green*, 281 F.3d at 1234, at this time she has sufficiently alleged that she timely filed the Title VII claims.

### G.  Plaintiff has Not Timely Served the Individual Defendants

In reviewing this motion to dismiss, the court observes that Plaintiff has not issued summonses to Defendants Buckner, McClintock, Boleware, Heath, and Camp. (*See generally* Doc. # 3). Plaintiff filed her claims against the individual Defendants on December 22, 2016. (Doc. # 11). The Federal Rules of Civil Procedure require a plaintiff to serve a defendant with a summons and a copy of the complaint within 90 days of the complaint's filing. Fed. R. Civ. P. 4(c)(1), (m). Because the record indicates that Plaintiff has not served the individual Defendants,

she will be directed to show cause why the claims against them should not be dismissed without prejudice.

## IV. Conclusion

For the reasons explained above, Defendants' Motion to Dismiss (Doc. # 14) is due to be granted in part and denied in part. Plaintiff's Section 1983 claims against Defendants Ala. DHR and Jeff. Co. DHR and her Title VII claims against Defendants Buckner, McClintock, Boleware, Heath, and Camp are due to be dismissed with prejudice. Plaintiff's request for punitive damages against Ala. DHR and Jeff. Co. DHR is due to be dismissed with prejudice. Her Title VII hostile work environment claim is due to be dismissed without prejudice. In all other respects, Defendants' Motion to Dismiss is due to be denied. Finally, Plaintiff will be directed to show cause why her Section 1983 claims against Defendants Buckner, McClintock, Boleware, Heath, and Camp should not be dismissed for untimely service. Orders consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 6, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE